IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| JENNIFER K. WOMACK, | ) | |
| | ) | |
| Petitioner, | ) | Case No. CV 04-117-E-LMB |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| JO ANNE B. BARNHART, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Respondent. | ) | |

Currently pending before the Court is Petitioner's request for attorneys fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA"). *Petition for EAJA Attorney's Fees* (Docket No. 18). Because the Court conclusively finds that the decisional process on the pending matter would not be significantly aided by oral argument, the Court will address and resolve the matter without a hearing. Having carefully reviewed the record and otherwise being finally advised, the Court enters the following Order.

I.

BACKGROUND

Petitioner filed this action on March 10, 2004, seeking review of a decision by the Commissioner of the Social Security Administration denying her claim for disability benefits. *Petition for Review* (Docket No. 1). Subsequently, the parties filed a Stipulation to Remand,

ORDER - 1

requesting that this action be remanded to the Commissioner for further administrative proceedings. *Stipulation* (Docket No. 16). The parties stipulated that Petitioner receive reasonable attorney fees and costs upon proper request to the Court. *Stipulation*, p. 2 (Docket No. 16). On November 18, 2004, the Court granted the parties' Stipulation, reversing the Commissioner's decision and remanding the case for further proceedings. *Order* (Docket No. 17). On December 9, 2004, Petitioner timely requested attorney fees and costs. *Petition for EAJA Attorney's Fees* (Docket No. 18). Respondent does not object to the Court awarding fees, nor to the hourly rates requested by Petitioner, but does challenge as unreasonable the number of hours billed by Petitioner's counsel. *Response*, p. 2 (Docket No. 21).

## II.

## PETITION FOR ATTORNEY'S FEES

**A.** **Standards of Law**

The EAJA provides that the Court "shall award . . . fees and other expenses" to prevailing plaintiffs in non-tort civil actions against the United States. 28 U.S.C. § 2412(d)(1)(A). The phrase "fees and other expenses" is defined to include "reasonable attorney fees." *Id.* § 2412(d)(2)(A).

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983).[1] This initial fee calculation should exclude

---

[1] Although *Hensley* was an attorney-fee proceeding under 42 U.S.C. § 1988, its standards are applicable to EAJA fee awards. *See INS v. Jean,* 496 U.S. 154, 161 (1990) (stating that, when a petitioner has demonstrated eligibility for attorney fees under the EAJA, the "court's task of determining what fee is reasonable is essentially the same as that described in *Hensley*").

ORDER - 2

"hours that were not 'reasonably expended.'"  *Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001) (citing *Hensley,* 461 U.S. at 433-34).  The Court "has wide latitude in determining the number of hours that were reasonably expended by the prevailing lawyers, but it must provide enough of an explanation to allow for meaningful review of the fee award."  *Sorenson*, 239 F.3d at 1146.

**B.**    **Attorney's Fees**

There is no dispute that Petitioner's counsel is entitled to a reasonable attorney's fee for his work in this case, *Stipulation*, p. 2 (Docket No. 16), nor does Respondent challenge the reasonableness of the hourly rate proposed by Petitioner's counsel.  The sole issue before the Court is whether Petitioner should be compensated for 32.50 hours of work as the number of hours reasonably expended in this action.[2]

Although the local rules allowed for Petitioner to reply to Respondent's assertion that counsel's requested fees are unreasonable, Petitioner did not file a reply brief and the time for doing so lapsed over nine months ago, in January 2005.  *See* D. Idaho L. Civ. R. 7.1(b)(3) (providing that "[t]he moving party may submit a reply brief, not to exceed ten (10) pages, within ten (10) days after service upon the moving party of the responding party's memorandum").  Thus, the only statement in the record regarding the reasonableness of the hours Petitioner's counsel expended is Petitioner's claim in his supporting memorandum that "[t]he time spent on

---

[2] Petitioner also has requested fees for 17.00 hours of work by a law clerk, *Petitioner's Memo.*, p. 3 (Docket No. 19), but Respondent has not challenged the reasonableness of any of the time expended by the law clerk, and the Court has found nothing suggesting that the law clerk's fees are unreasonable.  *See, e.g., Role Models America, Inc. v. Brownlee*, 353 F.3d 962, 970 (D.C. Cir. 2004) (allowing recovery for law clerk fees, but reducing requested rate).

all activities is reasonable given the fully favorable result obtained for [Petitioner]." *Petitioner's Memo.*, p. 3 (Docket No. 19). The fact that Petitioner obtained a favorable result, however, does not mean that all of the hours for which compensation is requested were reasonably expended.

As Respondent pointed out, although counsel is entitled to full compensation for his efforts, "'[i]t does not follow that the amount of time *actually* expended is the amount of time *reasonably* expended.'" *Bunn v. Bowen*, 637 F. Supp. 464, 469 (E.D.N.C. 1986) (quoting *Copeland v. Marshall*, 641 F.2d 880, 891 (D.C. Cir. 1980) (en banc)) (emphasis in original). With this principle in mind, the Court will now review the time entries Respondent challenges as unreasonable.

First, Respondent argues that the 3.5 hours billed for preparing Petitioner's "complaint" or Petition for Review were unnecessary because (I) the Petition for Review was only five pages long, (ii) it mostly just recited the facts necessary to establish the court's jurisdiction and Petitioner's exhaustion of remedies, and (iii) it contained long quotes from the treating physician's notes and the Administrative Law Judge's Decision. *Response*, pp. 3-4 (Docket No. 21). Respondent asserts that 1.0 hour is a more reasonable amount of time to prepare "this routine document." *Id.* at p. 3. The Court has reviewed the Petition for Review and agrees that 3.5 is an unreasonable amount of time, especially given that counsel spent 3.0 hours reviewing the case prior to drafting the Petition and, therefore, should have been familiar with the facts and claims. *See Petitioner's Memo.*, Exhibit, p. 1 (entry dated 1/16/04) (Docket No. 19). However, because the Court does not find Respondent's estimate of one hour to be the best estimate of a reasonable amount of time to prepare the Petition, the Court will allow fees for 1.5 of the 3.5 hours requested.

ORDER - 4

Additionally, the Court will grant Respondent's request to omit the 1.0 hour requested for serving the Summons & Complaint because this is a clerical task that could be performed by an assistant instead of an attorney.  *Response*, p. 4 (Docket No. 21).   "[P]urely clerical or secretarial tasks should not be billed at a paralegal rate regardless of who performs them."  *Missouri v. Jenkins*, 491 U.S. 274, 288 n. 10 (1989).  *See also In re Meese*, 907 F.2d 1192, 1203  (D.C. Cir. 1990) (deducting charges by both paralegals and law clerks for such tasks as "delivering" or "picking up" various documents because such tasks are "purely clerical or secretarial" and thus cannot be billed at paralegal or law clerk rates).  Clerical and litigation expenses are more properly characterized as costs, *Griffin & Dickson v. U.S.*, 21 Cl. Ct. 1, 14 (Cl. Ct. 1990), and Petitioner has not provided any information from which the Court could reasonably estimate these costs.

Respondent next challenges some time entries for correspondence review.  The Court agrees that these entries represent an unreasonable amount of time expended.  Accordingly, the Court will reduce to .25 hour the charge of 1.0 hour on October 28, 2004 to review Respondent's two-page request for extension of time.  Additionally, the Court will eliminate the .50 hours on April 7, 2004 to review correspondence from the Court regarding consent to proceed before a U.S. Magistrate because it is duplicated by time spent on July 5, 2004 to perform the same task, and because .50 hours is sufficient to review and consider the Court's correspondence.  The Court also finds unreasonable the 1.5 hours spent on November 10, 2004 to review Respondent's correspondence on a proposed, unopposed motion to remand.  In the Court's view, it should not take 1.5 hours to review a proposed remand that grants Petitioner the relief requested in this action and allows for attorney's fees.  The Court therefore reduces the compensable time for this

ORDER - 5

task to .75 hours. Concomitantly, the Court's very short, two-page Order granting the parties' Stipulation to Remand, and using the exact language proposed by the Stipulation, should have taken no more than .25 hours to review. The Court accordingly reduces Petitioner's November 18, 2004 charge for this task.

Lastly, Respondent challenges the 3.0 hours charged for review of Respondent's Answer on July 9, 2004. The Court reduces the charge to 1.0 hours because the three-page Answer contains many admissions and is very much the "routine short document" with "simple responses" as described by Respondent. *Response*, p. 4 (Docket No. 21).

Considering all of the requested reductions, the Court reduces Petitioner's hours to 25.25 as the amount reasonably expended in this action. Accordingly, including the requested law clerk fee, Petitioner is awarded a total of $5,229.82 in attorney's fees.

**C.     Costs**

Petitioner also has requested $262.25 for the costs of copying, filing fees, and postage. *Petitioner's Memo*., Exhibit, p. 2 (Docket No. 19). Respondent has requested that Petitioner separate the costs for postage from those for filing fees and copying because, while postage is compensable under the EAJA, filing fees and copying costs are compensable under 28 U.S.C. § 1920. For this reason, Petitioner shall submit a revised billing statement for costs to the Court within fourteen (14) days of the date of this Order, at which time the Court will consider entering an Order allowing reimbursement for the requested costs.

### III.

### ORDER

Based upon the foregoing, IT IS HEREBY ORDERED:

1.    Petitioner's Petition for EAJA Attorney's Fees (Docket No. 18) is GRANTED, in part.  The Court awards attorney's fees, but has reduced the amount requested for the reasons explained above.  Accordingly, Petitioner is awarded $5,229.82 in fees.

2.    Petitioner shall submit a revised billing statement for costs within fourteen (14) days of the date of this Order.



DATED:  **November 1, 2005**.

_____
Honorable Larry M. Boyle
Chief U. S. Magistrate Judge

ORDER - 7